Robert Farris-Olsen
MORRISON, SHERWOOD
WILSON, DEOLA, PLLP
401 N. Last Chance Gulch
Helena, MT 59601
(406) 442-3261
(406) 443-7294 Facsimile
Rfolsen@mswdlaw.com

*Attorney for Tessa Zolnikov*

CLERK OF DISTRICT COURT
BARB HALVERSON
2020 DEC -3 P 1: 16
FILED
BY Tabitha Worley
DEPUTY

**MONTANA FOURTEENTH JUDICIAL DISTRICT COURT**
**MUSSELSHELL COUNTY**

| | |
|---|---|
| TESSA ZOLNIKOV,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>Defendant. | Cause No.: DV-20-100<br><br>COMPLAINT AND JURY DEMAND |

Comes now, Plaintiff, Tessa Zolnikov, and for her complaint against the National Board of Medical Examiners (NBME), states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is a resident of Roundup, Montana.
2. Respondent, NBME, is the entity responsible for providing testing services for medical students, and providing accommodations for those students with disabilities.
3. Jurisdiction in this court is appropriate.
4. Venue is appropriate in this court as the Plaintiff resides in Musselshell County.

## FACTUAL BACKGROUND

5. Plaintiff is, and was at the relevant time, a medical student at the University of Washington School of Medicine.

6. As part of her medical school requirements, she is required take and pass three tests administered by the National Board of Medical Examiners (NBME). The first test is the "Step 1 test."

7. In 2018, Plaintiff registered to take the Step 1 test through NBME. The test was scheduled for December 2018.

8. Concurrently with registering for the Step 1 test, Plaintiff submitted a request for accommodations in accordance with NBME's procedures. In her request, she sought two accommodations: (1) 50% additional time to take the test and (2) a reduced distraction environment.

9. She needed these accommodations as a result of her generalized anxiety disorder ("GAD") and her post-traumatic stress disorder ("PTSD").

10. Plaintiff submitted the request on September 23, 2018, and included the necessary information.

11. As part of the request, Plaintiff attached information from three counselors. The first, Peggy Albee, whom she had seen on August 29, 2018, or less than a month before the accommodation request. Ms. Albee diagnosed her with GAD and PTSD. Both disorders are triggered as test times approach and result in increased anxiety, sleep disturbance, bad dreams, increase heart rate, racing thoughts, problems with focusing, fear of failure, hypervigilance.

12. Plaintiff also submitted evidence from Megan Saab, and Marlena Renwyck. Ms. Saab diagnosed her with GAD and an unspecified problem related to social environment. Ms. Renwyck diagnosed her with an adjustment disorder, with mixed anxiety and depressed mood as well as a specific phobia, situational. Both of these professionals confirmed the symptoms that Ms. Albee identified.

13. In addition to the medical documentation, Plaintiff also submitted proof of past testing accommodations.

14. While a student at the University of Washington, Plaintiff was appropriately provided accommodations for 50% additional time on all timed exams, and a reduced distraction environment. The reduced distraction environment was meant to limit noise and visual distractions. she received these accommodations in both 2017 and 2018.

15. With these accommodations, Plaintiff was able to demonstrate her mastery of the material tested. As a result, she finished classes well above passing.

16. Despite the evidence Plaintiff submitted to NBME, she was denied an accommodation on November 19, 2018, because the evidence she submitted was allegedly insufficient. At no point had NBME requested additional documents, or identified specific information that it needed. Rather, NBME advised that Plaintiff did not need to submit additional information when she called on October 23, 2018.

17. Plaintiff appealed the denial by letter with NBME dated December 8, 2018.

18. On December 12, 2018, the appeal was denied for the same reasons as my initial application.

19. So, on December 14, 2018, Plaintiff took the Step 1 test and passed it by only 2 points, well below the average score..

20. Plaintiff was discriminated against by NBME based on her mental disability.

21. Subsequently, Plaintiff scheduled her to take her Step 2 test on October 1, 2019, and initially chose not to request an accommodation because of NBME's prior refusals to grant her an accommodation.

22. However, on or about September 16, 2019, Plaintiff requested an accommodation for 50% additional time and a reduced distraction environment. She attached supporting documents from three medical professionals.

23. Each assessment again showed that Plaintiff suffered from GAD and/or PTSD, which are disabilities.

24. In particular, Plaintiff's GAD and/or PTSD substantially limit her ability to take her medical school, and other tests, which are major life activities.

25. Despite the clear evidences that Plaintiff suffered from GAD and PTSD, and, therefore, suffered from a disability, NBME refused to provide an accommodation. As a result, her Step 2 result was lower than it should have been.

26. As a result of NBME's discrimination, Plaintiff has suffered damages. Here damages include, but are not limited to future lost wages and emotional distress.

**COUNT I – VIOLATION OF THE REHABILITATION ACT**

27. The preceding paragraphs are realleged as though set forth in full.

28. Plaintiff suffers from a disability. Namely, her GAD and PTSD. Thus, she is a qualified individual with a disability.

29. NBME is subject to the Rehabilitation Act, including section 504.

30. NBME discriminated against her by failing to provide her requested accommodations with respect to the Step 1 and Step 2 tests.

31. NBME was well aware of Plaintiff's disability, including her history of accommodations in both undergraduate and graduate school. Simultaneously, NBME was aware that its failure to accommodate Plaintiff's disability would cause her harm.

32. Thus, NBME is liable to Plaintiff for the compensatory and punitive damages caused by its violations of Section 504 of the Rehabilitation Act.

**COUNT II – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

33. The preceding paragraphs are realleged as though set forth in full.

34. Section 309 of the ADA requires that NBME administer its examinations in a place and manner accessible to persons with disabilities. 42 U.S.C. § 12189. This, in turn, requires that the examination must be administered so as to best ensure that the examination results accurately reflect the examinee's aptitude.

35. For the same reasons that NBME violated Section 504 of the Rehabilitation Act, it violated section 309.

36. Thus, NBME is liable to plaintiff for her actual and punitive damages stemming from its violation of Section 309 of the American's with Disabilities Act.

**Wherefore,** Plaintiff requests the following relief:

1. Compensatory and punitive damages.
2. Costs and attorney fees.
3. Any other relief this court deems just and proper.

Dated this 2nd day of December, 2020.

MORRISON SHERWOOD WILSON & DEOLA

Robert Farris-Olsen
*Attorney for Tessa Zolnikov*