Mark D. Parker
Parker, Heitz & Cosgrove, PLLC
401 N. 31st St., Suite 805
P.O. Box 7212
Billings, MT 59103-7212
Phone: (406) 245-9991
Facsimile: (406) 245-0971
Email: markdparker@parker-law.com

*Attorneys for National Board of Medical Examiners*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| TESSA ZOLNIKOV,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>　　　　Defendant. | CV 22-35-BLG-SPW-TJC<br><br>**BRIEF IN SUPPORT OF NBME'S MOTION TO DISMISS** |

Plaintiff Tessa Zolnikov ("Ms. Zolnikov") claims that the National Board of Medical Examiners ("NBME") violated the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act when it denied her requests for accommodations, including extra testing time, on the United States Medical Licensing Examination ("USMLE"). Ms. Zolnikov has taken and passed the USMLE Step 1 and Step 2 CK exams, without accommodations, but she claims that she suffered "damages," including "future lost wages" and "emotional distress,"

-1-

due to "NBME's discrimination." As relief, she seeks compensatory and punitive damages.

Ms. Zolnikov's Complaint should be dismissed because she has failed to state a viable claim for relief. *See* Fed. R. Civ. P. 12(b)(6). Her ADA claim arises under Title III of the ADA, 42 U.S.C. § 12189, and she can only seek injunctive relief—not monetary damages—under Title III. Her ADA claim therefore fails as a matter of law. And, even if she had also requested injunctive relief in her Complaint, which she has not, Ms. Zolnikov does not allege any facts showing a threat of future injury that would give her standing to pursue an ADA claim for injunctive relief. *See* Fed. R. Civ. P. 12(b)(1).

Ms. Zolnikov's claim under Section 504 of the Rehabilitation Act fares no better. Although Ms. Zolnikov may pursue monetary damages under this statute, Section 504 only applies to programs or activities receiving federal financial assistance at the time of the alleged discrimination. Ms. Zolnikov's Complaint does not allege that NBME receives federal financial assistance (nor would such an allegation be accurate). It therefore fails to state a claim under Section 504.

## BACKGROUND

Ms. Zolnikov filed this action in Montana state court on or about December 3, 2020, but she waited more than fifteen months to serve the Complaint on

NBME. Ms. Zolnikov served the Complaint on March 24, 2022, and NBME timely removed the case to this Court on April 20, 2022.

Ms. Zolnikov alleges that she is a medical student at the University of Washington School of Medicine and is required to take and pass three tests administered by NBME.[1] Complaint ¶¶ 5-6. NBME co-sponsors the USMLE, which is a three-step examination that Montana and other jurisdictions rely upon to help ensure that prospective physicians have the knowledge and skills needed to provide safe and effective patient care.[2]

In 2018, Ms. Zolnikov sought testing accommodations, including additional testing time, on Step 1 of the USMLE, based upon an assertion that she has a Generalized Anxiety Disorder and post-traumatic stress disorder. Complaint ¶¶ 8, 9. NBME denied her request. *Id.* ¶ 16. Ms. Zolnikov tested without accommodations (*i.e.*, under the same standardized testing conditions that apply to other examinees) and passed Step 1. *Id.* at 19.

Ms. Zolnikov submitted a new request for testing accommodations when she registered to take Step 2 of the USMLE in 2019. *Id.* ¶ 21-22. NBME did not grant her request, and she took and passed the Step 2 examination under the standard test conditions. *Id.* ¶ 25.

---

[1] NBME relies on the allegations in the Complaint solely for the purpose of this motion to dismiss. It does not concede that they are accurate.

[2] *See* "About the USMLE," *at* https://www.usmle.org/.

Notwithstanding the fact that she took and passed the two examinations that are the subject of her Complaint, Ms. Zolnikov claims that she "suffered damages" due to NBME's alleged discrimination, including "future lost wages and emotional distress." *Id.* ¶ 26. She seeks unspecified compensatory and punitive damages.

## ARGUMENT

### I. Legal Standards under Fed. R. Civ. P. 12(b)(6)

A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than sheer possibility that a defendant acted unlawfully." *Id.*

Dismissal of a complaint under Rule 12(b)(6) can be based on "'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 946 F.3d 1240, 1242 (9th Cir. 2011) (citation omitted). In considering a motion to dismiss, a court must take allegations of material facts as true and construe them "in the light most favorable to the nonmoving party," *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009),

but it is not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (citation omitted). Legal conclusions are not accepted as true and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### I.     Plaintiff fails to state a claim under the ADA.

Ms. Zolnikov's claim under the ADA fails because she cannot recover monetary damages under the applicable provision of the statute, and that is the only relief she has requested.

Ms. Zolnikov asserts her claim under a specific provision in Title III of the ADA, 42 U.S.C. § 12189, which applies to private entities offering certain examinations and courses. The only relief available under Title III of the ADA is preventive injunctive relief. *See* 42 U.S.C. § 12188(a)(1) (making the "remedies and procedures set forth in section 2000a-3(a) of this title" applicable to Title III violations); 42 U.S.C. § 2000a-3(a) (allowing "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order"). Title III does not allow for the recovery of damages, *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002), which is the relief that Ms. Zolnikov

seeks for NBME's alleged violation of the ADA. *See* Complaint ¶ 36. She therefore fails to state an ADA claim for which relief may be granted.

Ms. Zolnikov's allegations relate to past administrations of Step 1 and Step 2 of the USMLE, which Ms. Zolnikov has now taken and passed. *See id.* ¶¶ 5-26. She has no right to injunctive relief with respect to these past examinations, nor does she seek such relief in her Complaint. *See Barr v. Nat'l Conf. of Bar Examiners*, 1999 U.S. App. LEXIS 9741, at *8 (10th Cir. May 20, 1999) ("It would be absurd for a court to order NCBE to grant Barr's accommodation request for the MPRE once he passed the exam.") (citations omitted). There also are no allegations in the Complaint that Ms. Zolnikov plans to take the USMLE in the future or that, if she does, she intends to request accommodations. There is thus no alleged threat of future injury that could be redressed through injunctive relief under Title III of the ADA, even if Ms. Zolnikov had requested such relief (and she has not). *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (discussing standing); *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102, 110 (1983) (explaining that plaintiff did not have standing to seek injunctive relief where plaintiff did not face a real and immediate threat of future injury).[3]

---

[3] In the absence of standing and a ripe claim for injunctive relief, the Court lacks subject matter jurisdiction over Ms. Zolnikov's ADA claims even if her Complaint could be construed as also seeking injunctive relief. *See, e.g., Cunningham v. Univ. of N.M. Bd. of Regents*, 531 F. App'x 909, 918 (10th Cir. Aug. 23, 2013) (district court lacked subject matter jurisdiction over Title III ADA complaint against NBME, because plaintiff did "not currently have any pending [accommodation] requests before the Board" and his claim "was not ripe for review"); *Kober v. Nat'l*

Ms. Zolnikov's ADA claim should be dismissed for failure to state a claim.

## II. Plaintiff fails to state a claim under Section 504 the Rehabilitation Act.

Ms. Zolnikov's claim under the Rehabilitation Act fails because she does not allege that NBME receives federal financial assistance, much less facts that would support such an assertion.

Entities are subject to Section 504 only if they receive federal financial assistance at the time of the actions that are the alleged basis for a discrimination claim. *See* 29 U.S.C. § 794(a) ("No otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance …."); *see also Castle v. Eurofresh, Inc.*, 731 F.3d 901, 908 (9th Cir. 2013) ("'The Rehabilitation Act is … limited to programs that receive federal financial assistance ….'") (citations omitted); *Sharer v. Oregon*, 581 F.3d 1176, 1180 (9th Cir. 2009) ("Section 504's reach … encompasses a department or agency receiving federal funds in 'only those periods during which the funds are accepted.'") (citation omitted).

Ms. Zolnikov alleges in conclusory fashion that "NBME is subject to the Rehabilitation Act, including section 504" and that "NBME is liable to Plaintiff for the compensatory and punitive damages caused by its violations of Section 504 of

---

*Bd. of Med. Exam'rs*, 2010 WL 2342480, at *3 (W.D. La. 2010) (dismissing Title III ADA complaint pursuant to Rule 12(b)(1) where plaintiff "has no [accommodation] request pending before the NBME" for decision).

the Rehabilitation Act." Complaint ¶¶ 29, 32.[4] These threadbare assertions are insufficient. She has not alleged (as she must) "facts which plausibly demonstrate that [NBME] received federal financial assistance[.]" *Castle*, 731 F.3d at 909 (affirming dismissal of Section 504 claim). She has therefore failed to state a Section 504 claim. *See, e.g., Morris v. State Bar of Calif.*, 2008 WL 4067448, *3 (N.D. Cal. 2008) (dismissing Section 504 claim where plaintiff "failed to allege that any of the ... Defendants receives federal financial assistance); *Ostrofsky v. Sauer*, 2007 WL 4210057, *2 (E.D. Cal. 2007) (same); *Thomas v. Nakatani*, 128 F.Supp.2d 684, 694 (D. Hawai'i 2000) (same).

Indeed, it would not be enough for Ms. Zolnikov to simply parrot the language of the statute and allege that NBME "receives federal financial assistance." An entity receives financial assistance within the meaning of Section 504 only when it receives a subsidy from the federal government. *See Jacobson v. Delta Airlines*, 742 F.2d 1202, 1210 (9th Cir. 1984) ("[P]ayments … constitute federal financial assistance if they include a subsidy but … they do not constitute such assistance if they are merely compensatory."). Bald allegations that a defendant receives federal financial assistance, unsupported by specific facts raising a plausible inference that a defendant received a subsidy from the federal government during the period of the alleged discrimination, are insufficient to state a claim under Sec-

---

[4] Punitive damages are not available under Section 504. *See Barnes v. Gorman*, 536 U.S. 181, 189-90 (2002).

tion 504. *See Estate of Carlos Escobar Meija v. Archambeault*, 2021 WL 4428990, *9-10 (S.D. Cal. 2021) ("Plaintiffs allege only that 'Defendant … is a program that received federal financial assistance as defined in 29 U.S.C. § 794(b), … but provide no facts raising an inference that [Defendant] receives a subsidy. This is insufficient to establish a plausible Rehabilitation Act claim.").

Ms. Zolnikov's Rehabilitation Act claim should therefore also be dismissed for failure to state a claim.

## CONCLUSION

The Court should dismiss Ms. Zolnikov's Complaint.

DATED this 27th day of April, 2022

                          Respectfully submitted,

                          *s/ Mark D. Parker*
                          Mark D. Parker
                          *Attorneys for National Board of Medical Examiners*

## CERTIFICATE OF COMPLIANCE

I certify that that this brief complies with the word limits of Local Rule 7.1(d)(2)(A) and contains 1,919 words, exclusive of the sections noted in Local Rule 7.1(d)(2)(E), as determined by the word-count function of Microsoft Word.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following recipient on this 27th day of April, 2022, by placing a true and correct copy of same in the U.S. mail, postage prepaid:

Robert Farris-Olsen
Morrison Sherwood Wilson Deola, PLLP
401 N. Last Chance Gulch
Helena, MT  59601

Attorney for Petitioner Tessa Zolnikov

/s/ *Mark D. Parker*
Mark D. Parker