Robert Farris-Olsen
Morrison, Sherwood, Wilson & Deola, PLLP
P.O. Box 557
Helena, MT  59624
(406) 442-3261 Phone
(406) 443-7294 Fax
rfolsen@mswdlaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TESSA ZOLNIKOV,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>　　　　　　　　　　Defendant. | CV-22-35-BLG-SPW-TJC<br><br>**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

Comes now, Plaintiff Tessa Zolnikov, through counsel, and submits her brief in opposition to the Defendant's motion to dismiss.

### FACTS

At the time the Complaint was filed, Zolnikov was a Montana state resident attending the University of Washington School of Medicine (UW). *Complaint.*, ¶¶ 1, 5 (ECF Doc. 5). Zolnikov is a person with a disability and receives an accommodation from UW for 50 percent additional time to complete exams as well as the ability to take exams in a reduced distraction environment. *Id.*, ¶¶ 9-14.

As a part of medical school requirements, students must pass three separate tests administered by the National Board of Medical Examiners (NBME). *Id.*, ¶¶ 6-8. Zolnikov took the Step 1 test on June 21, 2018 without an accommodation and failed by one point.

Zolnikov registered to take the Step 1 test again and submitted a request to have the same accommodations granted to her by UW when taking the NBME tests. *Pet.*, ¶¶ 7-20. This request was denied by NBME on November 19, 2018. *Id.* In its denial letter, NBME stated the documentation provided by Zolnikov to verify her need for an accommodation was insufficient. *Id.*

On December 8, 2018, Zolnikov appealed the accommodation denial. *Id.* On December 12, 2018, NBME denied Zolnikov's appeal and upheld its initial decision. *Id.* Zolnikov took the Step 1 test for the second time without an accommodation on December 14, 2018 and passed by two points. *Id.* As a result of this discrimination, Zolinkov suffered damages such as future lost wages and emotional distress. *Id.*, ¶ 26.

In her causes of action, Zolnikov alleged that NBME received federal financial assistance by asserting that NBME is subject to the Rehabilitation Act, including Section 504 (29 U.S.C. § 794). *Id.*, ¶ 29.

## STANDARDS

In order to grant a motion to dismiss under Rule 12(b)(6), F. R. Civ. P., Defendants must establish that "it appears beyond doubt that the plaintiff can prove **no set of facts** in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (Emphasis added). Rule 12(b)(6) is read in conjunction with Rule 8(a), F. R. Civ. P., which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and

construe them in the light most favorable to the non-moving party. *Murfitt v. Bank of America*, 2013 U.S. Dist. LEXIS 163345, **8-9 (C.D. Ca. Oct. 22, 2013).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Ninth Circuit standard is:

> (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

*Murfitt*, at * 10.

Under this heightened standard, NBME's motion must fail.

## ARGUMENT

### A. Zolnikov sufficiently alleged that NBME receives federal funding.

NBME's only argument with respect to her 504 claim is that she failed to sufficiently allege NBME was subject to § 504 of the Rehabilitation Act. 29 U.S.C. § 794.

With respect to the pending motion, context is important. The underlying complaint was filed in Montana State Court, which is not bound by *Twombly* or *Iqbal*, so the allegations were likely sufficient there. And, here, Plaintiff alleged that NBME was subject to section 504. That assertion necessarily equates to NBME receiving federal funds. It is no different than if Zolnikov had explicitly stated that NBME receives federal funds.

This assertion is sufficient and the cases cited by the NBME are inapposite. For example, NBME cites *Morris v. State Bar of Calif.* 2008 U.S. Dist. LEXIS 64453, at *9 (N.D. Cal. August 20, 2008), for the proposition that the plaintiff failed to allege any federal funding. NBME, however, conveniently failed to note that the Plaintiff "failed to oppose the

defendant's motion." *Id.* And, in *Ostrofsky*, the Court dismissed the matter with leave to amend to address the deficiency. *Ostrofsky v. Sauer*, 2007 U.S. Dist. LEXIS 89987, at *5-6 (E.D. Cal. Nov. 27, 2007). Complete dismissal was inappropriate. *Id. Thomas v. Nakatani*, 128 F.Supp.2d 684, 694 (D. Hawai'i 2000) (same).

As noted in the preceding cases, if the Court finds that the complaint is deficient, then the appropriate remedy is dismissal without prejudice and leave to amend.

## B. Zolnikov concedes Count II

NMBE asserts that Zolnikov cannot recover actual or punitive damages for NBME's alleged violations of 42 U.S.C. § 12189. After reviewing the relevant statutes and caselaw, Zolnikov concedes that she is not entitled to damages under Count II, and that dismissal is appropriate.

## CONCLUSION

Zolnikov adequately alleged that she was subjected to discrimination and that NBME is subject to Section 504 of the Rehabilitation Act.

Dated this 1st day of June, 2022.

                        By:    Robert Farris-Olsen
                                Robert Farris-Olsen
                                *Attorney for Plaintiffs*