Mark D. Parker
Parker, Heitz & Cosgrove
401 N. 31st St., Suite 805
P.O. Box 7212
Billings, MT 59103-7212
Phone (406) 245-9991

*Attorneys for National Board of Medical Examiners*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| TESSA ZOLNIKOV,<br><br>    Plaintiff,<br><br>vs.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>    Defendant. | CV 22-35-SPW<br><br>**REPLY BRIEF IN SUPPORT OF NBME'S MOTION TO DISMISS** |

Ms. Zolnikov's opposition brief confirms that dismissal of both of her claims against NBME is warranted.

With respect to her claim under Section 504 of the Rehabilitation Act, Ms. Zolnikov incorrectly argues that her threadbare allegation that "NBME is subject to the Rehabilitation Act, including section 504," is sufficient to state a claim. Pl. Br. in Opp. to Def. Mot. to Dismiss (Dkt. 11) ("Pl. Opp.") at 3.

First, she contends that her pleading was "likely sufficient" under Montana State Court standards, and she appears to suggest that the federal pleading standards

addressed in *Twombly* and *Iqbal* do not apply to removed cases. *Id*. That is not correct. "[I]t has been settled by numerous cases that [a] removed case will be governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters." 14C Fed. Prac. & Proc. (Wright & Miller) Juris. § 3738 (Rev. 4th ed.). Thus, "federal pleading standards apply following removal from state court …." *Strizic v. Northwestern Corp.*, No. 2015 WL 1275404, at *3 (D. Mont. 2015) (addressing case removed based on diversity jurisdiction).

Second, she argues her allegation that NBME is subject to Section 504 "necessarily equates to NBME receiving federal funds" and "is no different than if Zolnikov had explicitly stated that NBME receives federal funds," and therefore, "[t]his assertion is sufficient." Pl. Opp. at 3. Her argument runs counter to the well-established rule that "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Turner v. City and Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015) (citation omitted). It also ignores Ninth Circuit case law instructing that plaintiff must allege "facts which plausibly demonstrate [the receipt of] federal financial assistance" to adequately plead a Section 504 claim. *Castle v. Eurofresh, Inc.*, 731 F.3d 901, 909 (9th Cir. 2013) (affirming dismissal of Section 504 claim); *see also Ostrofsky v. Sauer*, 2007 WL 4210057, at *2 (E.D. Cal. 2007) ("[P]laintiff must also allege, and ultimately establish, that her employer received federal financial assistance.").

Ms. Zolnikov's complaint contains **no** factual allegations to support her Section 504 claim.  *See* Br. in Supp. of NBME Mot. to Dismiss (Dkt. 7) ("NBME Br.") at 8-9. She has failed to state a claim under Section 504 of the Rehabilitation Act.

With respect to Count II of her complaint, which is a claim under the Americans with Disabilities Act ("ADA"), Ms. Zolnikov concedes that "dismissal is appropriate." Pl. Opp. at 4.

## CONCLUSION

The Court should dismiss Ms. Zolnikov's complaint.

DATED:  June 15, 2022

Respectfully submitted,

*s/ Mark D. Parker*
Mark D. Parker
Parker, Heitz & Cosgrove
401 N. 31st St., Suite 805
P.O. Box 7212
Billings, MT 59103-7212
Phone (406) 245-9991
Email: markdparker@parker-law.com

*Attorneys for NBME*

## CERTIFICATE OF COMPLIANCE

I certify that that this brief complies with the word limits of Local Rule 7.1(d)(2)(A) and contains 460 words, exclusive of the sections noted in Local Rule 7.1(d)(2)(E), as determined by the word-count function of Microsoft Word.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following recipient on this 15th day of June 2022 by placing a true and correct copy of same in the U.S. mail, postage prepaid:

Robert Farris-Olsen
Morrison Sherwood Wilson Deola, PLLP
401 N. Last Chance Gulch
Helena, MT  59601

Attorney for Petitioner Tessa Zolnikov

/s/ *Mark D. Parker*
Mark D. Parker