## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TESSA ZOLNIKOV,<br><br>     Plaintiff,<br><br>vs.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>     Defendant. | CV 22-35-BLG-SPW-TJC<br><br><br>**FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |

This action was originally brought by Plaintiff Tessa Zolnikov ("Zolnikov") in the Montana Fourteenth Judicial District Court, Musselshell County (DV-20-100) on December 3, 2020, against the National Board of Medical Examiners ("NBME"). (Doc. 5.) NBME was served on March 24, 2022, and timely removed the action to this Court, invoking federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1 at ¶¶ 7, 9.)

Presently before the Court is NBME's Motion to Dismiss. (Doc. 6.) The motion is fully briefed and ripe for the Court's review. (Docs. 7, 11, 12.)

For the following reasons, the Court recommends that NBME's Motion to Dismiss be **GRANTED**, with leave to amend as to Count I, and **GRANTED**, as to Count II.

/ / /

1

## I.    Background

At the time relevant to this matter, Zolnikov was a medical student at the University of Washington School of Medicine.  (Doc. 5 at ¶ 5.)  NBME administers a series of standardized tests medical students must take and pass to become a licensed physician.  (*Id.* at ¶ 6.)

In 2018, Zolnikov was diagnosed with generalized anxiety disorder ("GAD") and post-traumatic stress disorder ("PTSD").  (*Id.* at ¶ 11.)  Also in 2018, Zolnikov registered to take the first required medical test, Step 1, through NBME. (*Id.* at ¶ 7.)  Due to her GAD and PTSD, Zolnikov requested two testing accommodations from NBME—50% additional time to take the test and a reduced distraction environment.  (*Id.* at ¶ 8.)  In support of this request, she submitted medical documentation from three counselors, which evidenced her diagnoses and described the symptoms caused by her conditions, and proof of past testing accommodations.  (*Id.* at ¶¶ 10-13.)  NBME found the documentation submitted was "insufficient" and denied Zolnikov accommodations.  (*Id.* at ¶ 16.)  NBME did not seek additional information or explain what information was lacking.  (*Id.*) Her subsequent appeal was also denied.  (*Id.* at ¶¶ 17-18.)  Zolnikov took Step 1 without accommodations and passed by only two points.  (*Id.* at ¶ 19.)

In 2019, prior to the Step 2 test, Zolnikov again submitted medical documentation that evidenced her diagnoses of GAD and PTSD, and requested

accommodations for 50% additional time and a reduced distraction environment. (*Id.* at ¶ 22.)  NBME again denied her accommodations.  (*Id.* at ¶ 25.)  As a result, she alleges her Step 2 score was lower than it should have been.  (*Id.*)

Based on the foregoing, Zolnikov alleges she was discriminated against by NBME based on her mental disability.  (*Id.* at ¶ 20.)  She asserts two causes of action: (1) violation of Section 504 of the Rehabilitation Act (Count I); and (2) violation of Section 309 of the Americans with Disabilities Act, 42 U.S.C. § 12189 ("ADA") (Count II).  (*See* Doc. 5.)  She seeks compensation for future lost wages and emotional distress, and punitive damages.  (*Id.* at ¶ 26.)

NBME moves to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively.  (Doc. 6.)  NBME argues Zolnikov failed to state a claim under the Rehabilitation Act because she failed to plead, or demonstrate, that NBME receives federal financial assistance, as required by the Act.  (Doc. 7 at 7.)  Zolnikov counters that the claim was sufficiently pled, but if not, argues the appropriate remedy is dismissal with leave to amend.  (Doc. 11 at 3-4.)

NBME also argues Zolnikov's ADA claim under 42 U.S.C. § 12189 fails because that section only provides for injunctive relief and does not permit damages.  (Doc. 7 at 5.)  In her response, Zolnikov acknowledges that she cannot

recover damages under § 12189 and concedes dismissal is appropriate.  (Doc. 11 at 4.)  Accordingly, Count II, violation of the ADA, should be dismissed.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss for failure to state a claim upon which relief can be granted.  "Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).  The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint.  *Levitt v. Yelp! Inc.*, 765

4

F.3d 1123, 1135 (9th Cir. 2014).  "[I]n practice, a complaint . . . must contain

either direct or inferential allegations respecting all the material elements necessary

to sustain recovery under some viable legal theory." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 562 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*,

745 F.2d 1101, 1106 (7th Cir. 1984)).

A court considering a Rule 12(b)(6) motion must accept as true the

allegations of the complaint and must construe those allegations in the light most

favorable to the nonmoving party.  *See, e.g.*, *Wyler Summit P'ship v. Turner*

*Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  However, "bare assertions . . .

amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . for

the purposes of ruling on a motion to dismiss, are not entitled to an assumption of

truth."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting

*Twombly*, 550 U.S. at 555).  Such assertions do nothing more than state a legal

conclusion, even if the conclusion is cast in the form of a factual allegation.  *Id.*

## III.  Discussion

NBME argues that dismissal of Zolnikov's Rehabilitation Act claim (Count

I) is appropriate because she has failed to allege, or provide facts to show that,

NBME receives federal financial assistance.

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), provides:

No otherwise qualified individual with a disability in the United States, . . .
shall, solely by reason of her or his disability, be excluded from the

5

participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

Thus, to state a claim under Section 504, a plaintiff must show: (1) she is an "individual with a disability"; (2) she is "otherwise qualified" to receive the benefit; (3) she was denied the benefits of the program solely by reason of her disability; and (4) the program receives federal financial assistance. *Weinreich v. L.A. Cty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). Failure to allege that the program or activity receives federal financial assistance warrants dismissal. *See Ostrofsky v. Sauer*, 2007 WL 4210057, at *2 (E.D. Cal. Nov. 27, 2007) (dismissing complaint, with the opportunity to amend, where plaintiff failed to allege that her employer received federal financial assistance); *Morris v. State Bar Cal. S.F.*, 2008 WL 4067448, at *3 (N.D. Cal. Aug. 22, 2008) (dismissal of plaintiff's claims under the Rehabilitation Act where plaintiff did not allege that defendants received financial assistance and failed to oppose defendants' motion on this ground); *Thomas v. Nakatani*, 128 F. Supp. 2d 684, 694 (D. Haw. 2000) (dismissing claim under Section 504, without prejudice, where plaintiff failed to allege receipt of federal financial assistance); *cf. Reckley v. Goodman Grp.*, 2020 WL 5893844, at *8 (D. Mont. Oct. 5, 2020) (denying defendants' motion to dismiss and finding plaintiff had adequately stated a claim for relief under the Rehabilitation Act where plaintiff alleged defendant, a skilled nursing home, receives federal financial assistance through Medicaid and Medicare).

6

Here, Zolnikov alleges that she suffers from disabilities (GAD and PTSD), and was discriminated against by NBME based on her mental disabilities by failing to provide her with testing accommodations.  (Doc. 5 at ¶¶ 20, 27, 28, 30.)  The Complaint further provides, "NBME is subject to the Rehabilitation Act, including section 504."  (*Id.* at ¶ 29.)  Zolnikov has not, however, alleged any facts to show that NBME is a program that receives federal financial assistance.  The claim is, therefore, subject to dismissal.

A motion to dismiss may be granted with or without prejudice, and with or without leave to amend.  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Zolnikov has not pled sufficient facts from which the Court can find the requirements of a cause of action under Section 504 of the Rehabilitation Act.  Nevertheless, Zolnikov can cure this deficiency if she is able to plead facts that show that NBME is a program, as defined by the Rehabilitation Act, that receives qualifying federal financial assistance.

Accordingly, Zolnikov's claim for violation of the Rehabilitation Act in Count I of the Complaint should be dismissed with leave to amend.

/ / /

**IV.    Conclusion**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that NBME's Motion to Dismiss (Doc. 6) be **GRANTED**, with leave to amend, with respect to Zolnikov's claim for violation of the Rehabilitation Act (Count I) and **GRANTED**, with prejudice, as to Zolnikov's claim for violation of the Americans with Disabilities Act (Count II).

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.  D. Mont. L.R. 72.3.

DATED this 22nd day of December, 2022.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge